UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

WILLIE DESHAZIOR,

       Plaintiff,                          **JURY TRIAL DEMANDED**

v.

ROAD TO RECOVERY WELLNESS CENTER,
LLC, a Florida limited liability company,
JOSEPH PFEFFER, and LUIS GONZALEZ,

       Defendants.
_____/

**COMPLAINT FOR DAMAGES**

WILLIE DESHAZIOR ("DESHAZIOR"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, ROAD TO RECOVERY WELLNESS CENTER LLC, a Florida limited liability company (hereinafter, "ROAD TO RECOVERY"), JOSEPH PFEFFER (hereinafter, "PFEFFER"), and LUIS GONZALEZ (hereinafter "GONZALEZ"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, ROAD TO

RECOVERY operated an addiction treatment center engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, furniture, telephones, cell phones, electronic equipment, paper, and other materials necessary for the operation of an addiction treatment center.

4. During the relevant time-period, Defendants employed the Plaintiff, who was "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office supplies, telephones, cell phones, electronic equipment, paper, and other materials necessary for the operation of an addiction treatment center.

5. Upon information and belief, during the relevant time-period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Southern District of Florida.

**VENUE**

8. The venue of this Court over this controversy is based upon the following:

    a.    The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida

and,

    b.    Defendants were and continue to be a company and individuals doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, DESHAZIOR was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, corporate Defendant, ROAD TO RECOVERY, was conducting business in Fort Lauderdale, Broward County, Florida with its principal location in that city.

11. At all times material hereto, Defendant, ROAD TO RECOVERY, PFEFFER and GONZALEZ were the employers of Plaintiff, DESHAZIOR.

12. At all times material hereto, Defendants, ROAD TO RECOVERY, PFEFFER, and GONZALEZ were and continue to be "employer[s]" within the meaning of the FLSA.

13. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, DESHAZIOR his lawfully earned wages in conformance with the FLSA.

14. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendant, ROAD TO RECOVERY operated an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, DESHAZIOR was directly essential to the business performed by Defendants.

17. Plaintiff, DESHAZIOR has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. In or about the end of April 2020, Plaintiff, DESHAZIOR was hired by the Defendants as a behavioral technician at the Defendants' addiction treatment center. His employment ended on about March 16, 2021.

19. Plaintiff, DESHAZIOR was paid an hourly wage of $14.50 per hour.

20. Plaintiff, DESHAZIOR worked on average 53 hours per week.

21. Plaintiff, DESHAZIOR was not paid time-and-one-half his regular hourly rate of pay for all his hours in excess of forty hours per week.

22. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

23. Defendants, PFEFFER and GONZALEZ were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff, DESHAZIOR. Therefore, they are personally liable for the FLSA violations.

24. Defendants, PFEFFER and GONZALEZ were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, DESHAZIOR.

25. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

26.  Plaintiff, DESHAZIOR's repeats and realleges Paragraphs 1 through 25 as if fully set forth herein. Plaintiff, DESHAZIOR's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

27.  During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, DESHAZIOR was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

28.  Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, DESHAZIOR intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

29.  Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, DESHAZIOR at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due

30.  Defendant failed to properly disclose or apprise Plaintiff, DESHAZIOR of his rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, DESHAZIOR is entitled to liquidated damages pursuant to the FLSA.

32. Due to the willful and unlawful actions of the Defendant, Plaintiff, DESHAZIOR has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

33. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, DESHAZIOR respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:  June 9, 2021.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:  <u>s/. Peter Bober</u>
     PETER BOBER
     FBN:  0122955
     SAMARA BOBER
     FBN: 0156248